tion of payment of three of the items, *held* that the court could not say that the verdict for plaintiff for only one of the items was against the weight of the evidence, nor that the jury should have believed the plaintiff instead of the defendant.

3. EVIDENCE, § 475*—*what constitutes preponderance of.* It does not follow as a matter of law that because two witnesses testify diametrically opposite each other concerning a matter in dispute that there is no preponderance of the evidence, but the preponderance is established when it is legally ascertained which of the two witnesses testified to the truth.

4. INSTRUCTIONS, § 50*—*when instruction on credibility of witnesses not erroneous.* In an action to recover borrowed money, where the testimony of plaintiff and defendant as to the payment of various items was diametrically opposite, *held* that an instruction concerning the credibility of witnesses and the testimony of parties to the suit, although peculiar in language and not free from criticism, was not erroneous and could not have misled the jury.

---

## A. W. Billburg, Appellant, v. August Schmid, Appellee.

### Gen. No. 6,375.   (Not to be reported in full.)

Appeal from the County Court of Rock Island county; the Hon. NELS A. LARSON, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 19, 1917.

### Statement of the Case.

Action by A. W. Billburg, plaintiff, against August Schmid, defendant, to recover a sum of money alleged to have been taken by defendant as constable from the premises of plaintiff. From a judgment against plaintiff for costs, he appeals.

PHILLIP H. WELLS and DIETZ & SINNETT, for appellant.

J. T. & S. R. KENWORTHY, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 469*—*when remarks in presence of jury not assignable as error*. Misconduct of a party and a third person consisting of remarks derogatory to the other party in the presence and hearing of the jury during the temporary absence of the trial judge cannot be assigned as error where the attention of the trial judge was not called to such misconduct, so as to enable the court to counteract whatever prejudicial effect the making of such remarks might have had upon the jury.

2. SHERIFFS AND CONSTABLES, § 80*—*when evidence insufficient to sustain verdict for defendant in action for money taken from plaintiff*. In an action against a constable for money claimed to have been taken from the premises of the plaintiff, where it appeared that the defendant, while serving a search warrant, possessed himself of a large part of such money and that, although he did not claim the money as his own, or that he had any other right to it, he refused to return it to the defendant on the ground that he did not know to whom it belonged and that a party other than the plaintiff also claimed it, *held* that if such other party had made any legal claim for the money and the defendant had really been in doubt a bill of interpleader should have been filed, or he should have produced such other party as a witness, and that the verdict in favor of the defendant was against the weight of the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.